# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH GILBERT,

        Petitioner,      :    Case No. 3:15-cv-442

  - vs -                          District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

MICHELLE MILLER, Warden,
 Belmont Correctional Institution,

                                           :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pro se by Petitioner Joseph Gilbert under 28 U.S.C. § 2254 to obtain relief from his conviction in the Miami County Common Pleas Court on one count of rape and one count of gross sexual imposition. As with all habeas corpus cases filed at the Dayton location of court, the case has been referred to the undersigned Magistrate Judge for pre-judgment purposes; final decision of the case remains with District Judge Rice.

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

From the face of the Petition, it appears that Gilbert entered a negotiated plea of no contest and was sentenced on January 25, 2013 (Petition, ECF No. 2, PageID 10, ¶ 2(b)). Gilbert did not appeal from the conviction. *Id.* at ¶ 8. Instead, on January 9, 2015, Gilbert filed a

1

motion to withdraw his plea. *Id.* at PageID 12. After denial of that Motion, he appealed to the Second District Court of Appeals which affirmed the trial court decision on June 19, 2015. *Id.* at PageID 14. The Ohio Supreme Court then declined to exercise jurisdiction over an appeal on October 28, 2015. *Id.* Gilbert then filed his Petition in this Court on December 14, 2015.

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

2

Because Gilbert did not take a direct appeal, his conviction became final on the last day he could have appealed, thirty days after he was sentenced, or on February 24, 2013. The one-year statute of limitations began to run on that day and expired a year later on February 24, 2014. Gilbert of course did not file here until December 14, 2015, almost twenty-two months after the statute expired.

Gilbert's motion to withdraw his guilty plea amounts to a collateral attack on his conviction such as would toll the statute of limitations under 28 U.S.C. § 2244(d)(2). But a collateral attack only tolls the statute, it does not start the statute running again. By the time Gilbert had filed his motion to withdraw, the federal habeas corpus statute had already expired.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 15, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).