IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSEPH GILBERT,

            Petitioner,    :    Case No. 3:15-cv-442

  - vs -                             District Judge Walter Herbert Rice
                                         Magistrate Judge Michael R. Merz

MICHELLE MILLER, Warden,
 Belmont Correctional Institution,

                                   :
           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice as barred by the statute of limitations (ECF No. 3).  Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 5).

The Report notes that Petitioner pleaded no contest to the charges on which he was sentenced on January 25, 2013, and did not appeal to to the Ohio Court of Appeals from his conviction.  The Report then calculated that Gilbert's conviction became "final" on direct appeal thirty days after sentence, or on February 24, 2013.  Under the habeas corpus statute, 28 U.S.C. § 2244(d), the statute of limitations began to run on that date and expired one year later on February 24, 2014.  Gilbert did nothing during that year to interrupt or "toll" the running of the statute.

The very first thing Gilbert did to try to obtain relief was to file a motion to withdraw his

1

no contest plea, but he did not do that until January 9, 2015, almost a year after the federal statute of limitations expired.  The Ohio courts apparently decided his motion to withdraw on the merits because there is no explicit time limit on such motions.  But as pointed out in the Report, a state court collateral attack on a criminal judgment will only interrupt or "toll" the federal statute, not start it running again from the beginning.

Gilbert asserts he pleaded no contest on bad advice from his attorney, that he was under the influence of drugs at the time he pleaded, and that his sentence is void because it exceeds statutory sentencing requirements imposed by the Ohio legislature.  All of those are colorable federal constitutional claims and this Court could consider them on the merits if Gilbert had filed on time.  But he did not.

It is therefore again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 4, 2016.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).