# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH GILBERT,

    Petitioner,  :  Case No. 3:15-cv-442

- vs -        District Judge Walter Herbert Rice
            Magistrate Judge Michael R. Merz

MICHELLE MILLER, Warden,
 Belmont Correctional Institution,

              :

    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss the Petition (ECF No. 13), Petitioner's Response in Opposition (ECF No. 15), and the Warden's Reply in support (ECF No. 16).

Gilbert brought this action *pro se* under 28 U.S.C. § 2254 to obtain habeas corpus relief from his convictions in the Miami County Court of Common Pleas on his pleas of no contest to one count of rape of a person under thirteen years of age (with a specification that the person was under ten) and one count of gross sexual imposition on a person under thirteen. The pleas were pursuant to a plea agreement which included an agreed sentence of fifteen years to life imprisonment on the rape charge and five years concurrent prison time for the gross sexual imposition charge.

Gilbert pleads two grounds for relief:

1

> **GROUND ONE**: Petitioner ("Joseph Gilbert") entered a "no contest" plea by the ill advice of his counsel. Petitioner lacks the mental capacity to enter into such agreement presented to him by his counsel. The trial court erred by not allowing appellant to withdraw his plea.
>
> **GROUND TWO**: Petitioner had been prejudiced by the court when it had imposed a sentence more than the minimum allowed after electing not to abide by their statutory guideline. The court erred by imposing a sentence contrary to law.

(Petition, ECF No. 2, PageID 47-48.)

**Procedural History**

A Miami County grand jury indicted Mr. Gilbert on the two counts of conviction on December 20, 2012.  Although he initially pleaded not guilty, he and his counsel negotiated the plea agreement mentioned above and Gilbert pleaded no contest pursuant to that agreement on January 25, 2013 (Entry, State Court Record, ECF No. 12, Ex. 4, PageID 106).  Gilbert appealed *pro se* claiming the two counts of conviction should be merged under Ohio's allied offenses statute, Ohio Revised Code § 2941.25.  The Second District Court of Appeals remanded for a determination of that question in the first instance.  On remand the parties agreed that, since the acts involved had occurred on different dates, the convictions should not be merged.  Gilbert was then re-sentenced to the same sentence previously imposed and took no appeal.

However, on January 9, 2015, Gilbert moved *pro se* to withdraw his guilty plea:

> on the ground [that he or she is not guilty of the offense charged in the indictment (or information) and] that his or her plea of guilty (or no contest) was entered without advice of counsel and without understanding the nature of the charge, the effect of the plea, or his

2

> or her rights in the proceedings (or otherwise set forth ground), as is more fully shown by defendant's affidavit, attached as Exhibit and the attached memorandum in support:

(Motion, ECF No. 12, Ex. 12, PageID 141.) The Motion seems to allege that Gilbert's trial counsel had a conflict of interest, but does not say what that consisted of. *Id.* at PageID 143. Gilbert also asserted his trial attorney did not

> discuss the facts of the case with him; did not interview potential witnesses; disregarded information identifying the true offender(s); told the defendant that he would be found guilty and sentenced to the maximum sentences regardless of whether he had committed the crime(s); failed to discuss defenses, tactics, strategies or the nature and effect of his guilty plea(s), and made no effort to produce mitigation evidence at the sentencing hearing(s).

*Id.* In his Reply in support of this Motion, Gilbert argued the investigation was biased because the victim was the step-grandchild of a friend of the Sheriff and Gilbert had pled while not fully competent. (Response Brief, State Court Record, ECF No. 12, Ex. 14, PageID 154 et seq.) The trial judge denied the Motion to Withdraw on the basis that all of Gilbert's allegations were contradicted by his sworn testimony at the plea colloquy hearing (Decision and Judgment Entry, State Court Record, ECF No. 12, Ex. 15, PageID 159-61.)

Gilbert appealed alleging trial court error in not permitting withdrawal of the plea and that the sentence was contrary to law. The Second District Court of Appeals affirmed. *State v. Gilbert,* 2015-Ohio-2425, 2015 Ohio App. LEXIS 2330 (2nd Dist. Jun. 19, 2015), appellate jurisdiction declined, 143 Ohio St. 3d 1501 (2015).

Gilbert filed his habeas petition here on December 14, 2105 (ECF No. 2). Upon initial review, the Magistrate Judge concluded the Petition was barred by the statute of limitations

(Report, ECF No. 3; Supplemental Report, ECF No. 6).  However, on reconsideration on recommittal from Judge Rice, the Magistrate Judge withdrew that recommendation and ordered an answer.  In her Return of Writ, Warden Miller concedes the Petition is not time-barred (Return, ECF No. 13, PageID 248).

## ANALYSIS

Respondent seeks dismissal on the basis that neither Ground for Relief pleads a claim on which habeas corpus relief can be granted.

Although there is no specific provision in the Rules Governing § 2254 Cases for a motion to dismiss for failure to state a claim, Habeas Rule 12 permits the Court to apply the Federal Rules of Civil Procedure when they are not inconsistent with the Habeas Rules or the governing statutes.  The Court finds it is appropriate to apply Fed. R. Civ. P. 12(b)(6) which allows a motion to dismiss in a civil case for failure to state a claim upon which relief can be granted. "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).  The purposes of Fed. R. Civ. P. 12(b)(6) can

be appropriately served by a cognate motion in a habeas case.

**Ground One:  Withdrawal of No Contest Pleas**

**The Pleading**

Ohio R. Crim. P. 32.1 permits a defendant to withdraw a plea of guilty or no contest only before a sentence is imposed unless withdrawal is necessary "to correct manifest injustice." Ohio imposes no time limit on a post-sentence motion to withdraw.  *State v. Bush*, 96 Ohio St. 3d 235, 2002-Ohio-3993 (2002).  Appellate review of a decision on a motion to withdraw is for abuse of discretion.  *State v. McCommons,* 2015-Ohio-1583 (2nd Dist. Apr. 24, 2015).  The Warden is correct, as Petitioner concedes, that a federal habeas court can only act to correct federal constitutional error (Motion, ECF No. 13, PageID 246, citing 28 U.S.C. § 2254(a) and *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)).  There is no constitutional procedural right to withdraw a no contest or guilty plea and this Court lacks authority to review either the "manifest injustice" holding of an Ohio trial court or the abuse of discretion holding of an Ohio appellate court.  Abuse of discretion is not a due process violation.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).  To the extent Gilbert is asking this Court to review either the trial court's determination of no manifest injustice or the appellate court's holding that the trial court did not abuse its discretion, we are without authority to consider those claims.

On the other hand, a claim that a plea of no contest or guilty was not entered knowingly, intelligently, and voluntarily does state a claim of constitutional magnitude.  A plea of guilty or

no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). Gilbert's underlying claim is that his no contest pleas were not knowing, intelligent, and voluntary. As a *pro se* litigant, he is entitled to have this Court liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993). By doing so, this Court can give Petitioner the constitutional review he seeks without overreaching its authority.

**The Merits**

Construing the Petition narrowly to raise only constitutional issues still allows the case to be ripe for decision, since the State has furnished the full record and Mr. Gilbert has argued the validity of his plea in constitutional terms. However, Gilbert has made different claims about his pleas in different places. His several claims must be considered *seriatim*.

**Biased Investigation**

In his Motion to Withdraw, Gilbert claimed the investigation into his conduct was biased because the Sheriff of Miami County was a personal friend of the victim and the victim's family. Gilbert continues to make that claim in his Response to the Motion to Dismiss (Response, ECF

No. 15, PageID 255).

In its decision on appeal from denial of the Motion to Withdraw, the court of appeals found

> [*P5] In his first assignment of error, Gilbert addresses only his assertion that the sheriff's office investigation was biased due to a personal friendship with the victim's family. (Appellant's brief at 2). He maintains that he was prejudiced by the biased investigation and that the results of the investigation should not have been presented to the grand jury. (*Id.*).
>
> [*P6] Here we see no abuse of discretion in the trial court's denial of Gilbert's motion without a hearing. As for the argument he raises on appeal, his claim about an allegedly biased investigation does not justify withdrawing his no-contest plea. According to the affidavit he filed below, Gilbert knew about the alleged friendship between the investigating sheriff and the victim's family *before* he entered his plea. (Doc. #31 at affidavit). Gilbert also averred that he informed his attorney about the friendship *before* he entered his plea. (*Id.*). Despite that fact, Gilbert failed to mention the issue during his plea hearing or to raise any concern about his attorney's representation. To the contrary, he confirmed that he had received enough time to talk to his attorney about the case, that he was satisfied with his attorney's advice, and that he believed his attorney had done a good job. (Tr. at 6-7). He also told the trial court that he was not under the influence of anything that would interfere with his ability to understand what was happening. (*Id.* at 4-5).

*State v. Gilbert, supra.*  The fact that the investigating officer had some interest in the case does not make the pleas invalid, particularly when, as here, the defendant knew about the interest and pled no contest with that knowledge.

**Coerced Confession**

Gilbert claims in his Response that he was coerced into making a confession.  While it is

7

unconstitutional to convict a person on the basis of a coerced confession, that is not what happened here. No confession by Gilbert was ever admitted in evidence against him at trial because he gave up his right to a trial by pleading no contest. Furthermore, he has procedurally defaulted any claim that somehow his coerced confession induced the pleas by not raising this claim in the Motion to Withdraw.

**Lack of Competency/Influence of Drugs.**

In Ground One, Gilbert asserts he lacked the mental capacity to enter a no contest plea. As with the coerced confession claim, this claim is totally new and was never raised in the Ohio courts. It is therefore procedurally defaulted.

On the other hand, Gilbert did claim that he was "high" on Xanax, heroin, and anti-depressants at the time of his arrest and questioning. Gilbert made this claim in his affidavit in support of his Motion to Withdraw, but the Second District noted that he made no claim of drug influence at the time of his plea and indeed swore under oath that at that time he was not under the influence of anything that would interfere with his ability to understand what was happening. *State v. Gilbert, supra*, ¶¶ 4, 6.

**Ineffective Assistance of Counsel**

Gilbert raises various asserted defects in the attorney representation he received. As the Second District found, these are undercut by his sworn testimony at the plea colloquy hearing

8

that he was satisfied with the representation he received. A defendant cannot make solemn representations to a court under oath during a plea colloquy and then, many months later, repudiate those representations.

At various points in these proceedings, Gilbert has asserted in conclusory fashion that his counsel labored under a conflict of interest, but he has never explained what that means or provided any evidence.

**Summary on Ground One**

Gilbert has not shown that his no contest pleas were other than knowing, intelligent and voluntary. His First Ground for Relief should be dismissed with prejudice on the merits.

**Ground Two: Sentence Contrary to Law**

In his Second Ground for Relief, Gilbert claims he is serving a sentence imposed contrary to law. Respondent asserts this claim is not cognizable in habeas corpus because it does not constitute a claim arising under the United States Constitution and this Court cannot review Gilbert's claim that the state courts misinterpreted Ohio sentencing law.

In his Response to the Motion, Gilbert attempts to make a constitutional claim out of his Second Ground for Relief by contending that the sentence imposed would have been lawful only if it was imposed by a jury and that the sentence itself constitutes cruel and unusual punishment, but he also argues the sentence does not conform to Ohio Revised Code § 2929.14(A)(1) (ECF

No. 15, PageID 259-60).

Claims that a sentence is only lawful if the jury finds certain elements authorizing it is a claim arising under the Constitution.  See  *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *quoting Jones v. United States,* 526 U.S. 227 (1999); *Blakely v. Washington*, 542 U.S. 296 (2004).  In addition, a claim that a particular sentence constitutes cruel and unusual punishment states a claim under the Eighth Amendment.  However, Gilbert makes no such constitutional claims in his Petition and a habeas petition cannot be effectively amended by including arguments in response to a motion to dismiss.

Moreover, Gilbert did not make any constitutional claims about his sentence on appeal. In his Brief on Appeal, Gilbert argued

> The court went on to state that his sentence of fifteen (15) years to life was correctly given on the two count indictment, that these sentences were imposed under Ohio Revised Code §2971.03(B)(1)(b) where the Ohio Revised Code does not permit any court to impose more than the statutory maximum without first determining ORC §§2929.11 and 2929.14(C)(4). The record does not show that it had, and giving such sentence must be determined by a jury and not the court.

(Appellant's Brief, State Court Record, ECF No. 12, Ex. 17, PageID 170.)  This was the argument for Gilbert's Second Assignment of Error on appeal.  The Second District Court of Appeals decided it as follows:

> **[\*P8]** In his second assignment of error, Gilbert argues that the rape sentence he received is contrary to law. This argument lacks merit. The jointly-recommended sentence Gilbert received is not contrary to law. Gilbert faced a potential sentence of life in prison without parole for raping a child under age ten, as alleged in the indictment. *See State v. Gibson*, 2d Dist. Clark No. 2013 CA 112, 2014-Ohio-5573, ¶ 11, quoting R.C. 2907.02(B). Pursuant to the plea agreement, however, the trial court elected to impose a prison sentence of fifteen years to life in prison, which was another available option. *Id.* at ¶ 12, quoting R.C. 2971.03(B)(1)(b). This

10

> sentence manifestly was authorized by law along with the concurrent prison term for gross sexual imposition. The second assignment of error is overruled.

*State v. Gilbert, supra.* In other words, the Second District found that Gilbert was subject to a possible sentence of life without parole (because the victim was under ten years old), but was given a life sentence with the possibility of parole after fifteen years, a less than maximum sentence.

As the Warden points out, this Court is bound by the state court's interpretation of the state statues (Motion, ECF No. 13, PageID 247, *citing Volpe v. Trim,* 708 F.3d 688 (6th Cir. 2013), and *Bradshaw v. Richey*, 546 U.S. 74 (2006)).

A claim that Ohio violated its sentencing statutes in this case does not state a claim upon which habeas corpus relief may be granted. To the extent Gilbert attempts to raise constitutional claims in his Response, he has procedurally defaulted on those claims by not fairly presenting them to the Ohio courts.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

April 22, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).