# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH GILBERT,

        Petitioner,  :  Case No. 3:15-cv-442

  - vs -                                  District Judge Walter Herbert Rice
                                          Magistrate Judge Michael R. Merz

MICHELLE MILLER, Warden,
 Belmont Correctional Institution,

                                          :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (the "Report," ECF No. 17).  Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

Gilbert was convicted in the Miami County Court of Common Pleas on his pleas of no contest to one count of rape of a person under thirteen years of age (with a specification that the person was under ten) and one count of gross sexual imposition on a person under thirteen. The pleas were pursuant to a plea agreement which included an agreed sentence of fifteen years to life imprisonment on the rape charge and five years concurrent prison time for the gross sexual imposition charge.

Gilbert pleads two grounds for relief:

1

>**GROUND ONE:** Petitioner ("Joseph Gilbert") entered a "no contest" plea by the ill advice of his counsel. Petitioner lacks the mental capacity to enter into such agreement presented to him by his counsel. The trial court erred by not allowing appellant to withdraw his plea.
>
>**GROUND TWO**: Petitioner had been prejudiced by the court when it had imposed a sentence more than the minimum allowed after electing not to abide by their statutory guideline. The court erred by imposing a sentence contrary to law.

(Petition, ECF No. 2, PageID 47-48.)

The Report construed the Petition liberally to consider the possible constitutional claims embedded in the First Ground for Relief as being that the investigation was biased, Gilbert was convicted on a coerced confession, Gilbert lacked the mental capacity to plead, and a number of claims of ineffective assistance of trial counsel.  The Report concludes on Ground One: "Gilbert has not shown that his no contest pleas were other than knowing, intelligent and voluntary. His First Ground for Relief should be dismissed with prejudice on the merits."  (Report, ECF No. 17, PageID 275).

The Objections do not address Ground Two at all.  His Objections as to Ground One are considered *seriatim*.

In the "Procedural History" section of the Report, the Magistrate Judge stated Gilbert pleaded no contest pursuant to a plea agreement that "he and his counsel negotiated. . ." (ECF No. 17, PageID 268).  Gilbert objects that he had no part in the negotiation, that his lawyer negotiated the agreement and presented it to him.  The Magistrate Judge apologizes for the misstatement.

Gilbert also complains in his Objections that his trial attorney

>did not interview witnesses, told the Petitioner that he would be found guilty and be sentenced to maximum sentences regardless of whether he had committed the crime(s); failed to discuss defenses,

> tactics, strategies or the nature and effect of his guilty plea(s), and made no effort to produce mitigating evidence at the sentencing hearing.

(Objections, ECF No. 18, PageID 279-80.) Gilbert then references his Motion to Withdraw Guilty Plea (State Court Record, ECF No. 12, PageID 141, et seq.) That is a completely form motion in which Gilbert has filled in blanks on a form prepared by someone else. For example, he alleges in conclusory language that his attorney labored under a conflict of interest (PageID 142), but nowhere says what constitutes a conflict. He proceeds to allege

> counsel's failure to discuss the facts of the case with him; did not interview potential witnesses; disregarded information identifying the true offender(s); told the defendant that he would be found guilty and sentenced to the maximum sentences regardless of whether he had committed the crimc(s); failed to discuss defenses, tactics, strategies or the nature and effect of his guilty plea(s), and made no effort to produce mitigation evidence at the sentencing hearing(s).

*Id.* at PageID 143. He put no meat on these bare bones at all. That is, he did not tell the trial court what potential witnesses the trial attorney failed to interview and what they would have said, what information he had "identifying the true offender," what defenses he believes he had, or what mitigation evidence he had available to present at sentencing. The motion is supported by Gilbert's Affidavit that says he did not want a plea deal and wanted to go to trial. *Id.* at PageID 148. In denying the Motion to Withdraw, the trial judge held

> The defendant's affidavit is belied by the transcript of the plea colloquy that took place on January 23, 2013. He told the court under oath that he was satisfied with the advice of his attorney and that he felt his attorney had done a competent job on his behalf. He also told the court he understood that he was giving up his right to a jury trial, to confront witnesses against him, to cross examine witnesses, to compulsory process, and to remain silent. He also acknowledged that, by giving up these rights, he understood that there was not going to be a trial.

3

(State Court Record, ECF No. 12, PageID 160-61.)  On appeal from denial of his motion to withdraw, Gilbert did not plead an assignment of error about ineffective assistance of trial counsel.  Instead, he complained only of the supposedly biased investigation and the failure of the rape sentence to conform to Ohio law.  *State v. Gilbert,* 2015-Ohio-2425, 2015 Ohio App. LEXIS 2330 (2nd Dist. Jun. 19, 2015).  Because he abandoned his claim that his plea was not knowing, intelligent, or voluntary and/or that he received ineffective assistance of trial counsel when he appealed, those claims are barred by procedural default in this Court.  Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).

In his Objections, Gilbert admits that he said at the plea colloquy that he was not under the influence of any drug that would affect his capacity to understand what was happening (ECF No. 18, PageID 280).  Now he claims that that statement was not made with any medical training.  *Id.*  But he also does not now, nor did he to the Common Pleas Court on his Motion to Withdraw, present any evidence at all that a trained medical professional would have given a different assessment.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances.  *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).  The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case.  *Johnson v. Zerbst,* 304 U.S.

458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27. A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain

5

actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

In this case Gilbert pled no contest pursuant to a plea agreement which substantially reduced his sentencing exposure.  He did so after a thorough plea colloquy.  Many of the claims he now seeks to make about how the plea was infected by ineffective assistance of trial counsel were abandoned when they were not made in the motion to withdraw or not pursued on appeal from denial of that motion.

The Objections are not well taken.  The Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).